IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Coalition Opposing Governmental Secrecy and Judiciocracy, LLC d/b/a Abusive Discretion,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>Marcia Meis, et al.,<br><br>　　　　　　　Defendants. | No. 2025-CV-10221<br><br>Hon. Jorge L. Alonso<br>Judge Presiding |

### DEFENDANT CLERK'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES Defendant, MARIYANA SPYROPOULOS, individually and in her official capacity as Clerk of the Circuit Court of Cook County ("Circuit Court Clerk" or "Clerk"), by and through her attorney, Eileen O'Neill Burke, State's Attorney of Cook County, through her assistant, Silvia Mercado Masters, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiffs' Complaint ("Complaint").

### INTRODUCTION

Plaintiffs bring this action alleging violations of their rights under the First Amendment, Illinois law, and common-law access to public records, seeking declaratory relief and damages. Because Plaintiffs lack standing to bring their claims and fail to state a claim against the Clerk, Plaintiffs' Complaint is ripe for dismissal.

### RELEVANT FACTS

This matter arises from Freedom of Information Act ("FOIA") requests made by Judiciocracy LLC to the Office of the Chief Judge and the Clerk of the Circuit Court of Cook County, seeking daily lists of Circuit Court Judges who filled in or covered for Judges who were

absent. Plaintiffs claim Defendants violated their First Amendment access to the courts by failing to produce responsive documents.

Plaintiffs fail to attach the original FOIA request to the Circuit Court of Cook County, or the Clerk's email response to that original request, but attach a subsequent reply email dated May 21, 2025 as Exhibit 5, asking for a list of "judge cover." Dkt. 1-1, at 14. The Circuit Court Clerk's office responded stating that "it does not capture the following," Ex. 6, Dkt. 1-1, at 16, and the Office of the Chief Judge responded advising that the Circuit Court Clerk is not subject to FOIA and that this information is of public record and could be found by "searching specific cases for particular orders." Ex. 8, Dkt. 1-1, at 32.

Plaintiffs claim that access to this information is guaranteed under the First Amendment and that failure to provide information has caused damages, specifically, the loss of speech rights to comment on the actions of the court. Complaint, at ¶¶ 62, 65.

## **LEGAL STANDARD**

A complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, although complaints need not allege factual details or legal arguments, "litigants may plead themselves out of court by alleging facts that defeat recovery" or by alleging facts showing there is no viable

2

claim. *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). While the Court accepts well-pled factual allegations as true and draws all inferences in favor of the nonmoving party, *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016), the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## ARGUMENT

### I.   Plaintiffs Lack Standing to Bring Their Claims.

To establish the "irreducible constitutional minimum" of standing under Article III, a plaintiff must show that (1) he suffered a concrete and particularized injury-in-fact (2) that is traceable to the defendant's conduct and (3) can be redressable by judicial relief. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992). An injury in fact is one that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.*, at 560. An injury is particularized if it affects the plaintiff "in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Plaintiff Coalition Opposing Governmental Secrecy ("COGS") lacks standing because it has alleged no involvement in the circumstances from which the claims arise. Plaintiffs' attached Exhibits show that COGS did not make any of the FOIA requests at issue or contact the Circuit Clerk's Office in any manner, nor was it ever denied any information. COGS has failed to show that it suffered any injury at all or that it is entitled to any relief, therefore its claims should be dismissed. Fed. R. Civ. P. 8(a)(2).

While Plaintiff Judiciocracy issued the FOIA requests at the center of this action, it lacks standing because it suffered no concrete and particularized injury. At best, Judiciocracy has alleged a generalized grievance about lack of access to court records, but an "injury to an individual's right to have the government follow the law, without more, is a generalized grievance that cannot support standing, 'no matter how sincere.'" *Bost v. Ill. State Bd. of Elections*, 114 F.4th

3

634, 640, *citing Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013); *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Judiciocracy also faces a redressability problem: it asks this Court to grant it "access to the information to ascertain when one judge presides over another judge's calendar and/or courtroom." Complaint, at ¶68. First, Plaintiff does not allege that it is barred from viewing the orders entered in any particular case pending in the Circuit Court, nor does it allege that any orders entered in any particular case fail to identify the Judge who entered the order. Thus, Plaintiff *has* access to the information it seeks. Moreover, to the extent Plaintiff is seeking a list of Judges who are covering for an absent Judge, the Clerk has stated that it does not capture that information. Ex. 6. Thus, the information that Plaintiff seeks, in the form that it requests, does not exist. Because this information is available to litigants and the public, and no daily list of Judges covering for other Judges exist, Plaintiff's claim is moot and should be dismissed. *See Westmoreland v. Hughes*, 144 F.4th 952, 955 (7th Cir. 2025) (Cases that do not involve actual, ongoing controversies are moot and must be dismissed for lack of jurisdiction.). (citation omitted).

## II. Plaintiffs Fails to State a Claim for Relief.

Even if Plaintiffs do have standing to pursue their claims, they have failed to state a claim for relief against the Clerk.

### A. Plaintiffs Have Not Sufficiently Alleged They Have a Right to This Information.

Plaintiffs' claims are premised on the idea that the Clerk must keep a list of all Judges that sit in or cover for an absent Judge, but 1) they fail to identify any requirement to maintain such a list, and 2) they fail to allege that such a list would be a public record to which they would have access. The Illinois Clerks of Courts Act provides:

> The clerks shall attend the sessions of their respective courts, preserve all the files and papers thereof, make, keep and preserve complete records of all the proceedings and determinations thereof, except in cases otherwise provided by law,

>and do and perform all other duties pertaining to their offices, as may be required by law or the rules and orders of their courts respectively.

705 ILCS 105/13. Nothing in Section 13 requires the Clerk to maintain a daily list of Judges who cover for other Judges who are absent, nor can such a list be considered a record of a proceeding. However, a court order is a record of a proceeding and identifies the Judge who enters the order, and Plaintiffs make no allegations that court orders entered by Judges who cover for other Judges are not routinely kept by the Clerk or are not publicly available.

The common-law right of access establishes that court files and documents should be open to the public unless the court finds that its records are being used for improper purposes. *Grove Fresh Distribs. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994) citing *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989). "The First Amendment presumes that there is a right of access to proceedings and documents which have 'historically been open to the public' and where the disclosure of which would serve a significant role in the functioning of the process in question." *Id.* Plaintiffs do not allege that a daily list of Judges who cover for absent Judges is part of the court proceeding or record or has "historically been open to the public," nor do they sufficiently allege how such a list would serve a significant role in the functioning of the court process. Plaintiffs ignore the fact that the identity of Judges who cover for an absent Judge is readily ascertainable by viewing the order entered in that case, which are public records. Significantly, Plaintiffs do not allege that they have been barred from viewing any order entered in any particular case.

### B. Plaintiffs Fail to Allege Any Wrongdoing As to the Clerk.

Plaintiffs rightfully do not allege that the Clerk violated FOIA, as it is settled case law that the Circuit Clerk is not subject to FOIA. *Newman, Raiz & Shelmadine, LLC v. Brown*, 394 Ill. App. 3d 602, 606 (1st Dist. 2009). But Plaintiffs also fail to establish that the Clerk has any

5

obligation to make public the specific information they request. Plaintiffs do not allege that the Circuit Clerk or her deputies have failed to maintain orders or fail to reflect the identity of the Judge entering the order. And Plaintiffs have not alleged that orders entered by a covering Judge are not made publicly available by the Circuit Clerk. Indeed, Plaintiffs have alleged no wrongdoing by the Clerk, only their belief that such a list should exist. Complaint, at ¶46.

Unsupported by any statute or case law, Plaintiffs attribute a nefarious intent to Judges covering for absent Judges: stating they are investigating "abuses of power within the Circuit Court of Cook County related to one judge's undisclosed presiding over another's calendar," and that they have "informed one litigant for an upcoming proceeding where a judge intends to rule out of turn to allow the party to protect its rights." Complaint, ¶¶ 50, 51. But these vague and incoherent allegations are insufficient to state a claim against the Clerk, especially where "an individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation." *Galdikas v. Fagan*, 342 F.3d 684, 693 (7th Cir. 2003) (internal citations omitted). A "causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary." *Id.* at 694. To be clear, no misconduct is alleged against the Clerk and Plaintiffs' factually unsupported allegations of "judge's ruling on cases not properly before them," and claims of a "cover-up," Complaint at ¶52, are insufficient to support a plausible claim. Therefore, the Clerk is entitled to dismissal.

## CONCLUSION

**WHEREFORE**, Defendant Mariyana Spyropoulos, individually and in her official capacity as Clerk of the Circuit Court of Cook County, respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint against her with prejudice and award any further relief that this Court deems fair and just.

6

        Respectfully submitted,
        EILEEN O'NEILL BURKE
        State's Attorney of Cook County

By: /s/ *Silvia Mercado Masters*
    Assistant State's Attorney
    500 Richard J. Daley Center
    Chicago, Illinois 60602
    (312) 603-7795
    silvia.mercadomasters@cookcountysao.org

## CERTIFICATE OF SERVICE

      I, Silvia Mercado Masters, an attorney, certify that on November 21, 2025, I caused the foregoing Motion to Dismiss Plaintiffs' Complaint to be electronically filed via the Court's CM/ECF system and thereby served on Plaintiff and all counsel of record.

      /s/ *Silvia Mercado Masters*
      Silvia Mercado Masters
      Assistant State's Attorney
      Cook County State's Attorney's Office