**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Coalition Opposing Governmental Secrecy and Judiciocracy, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | No. 25 C 10221 |
| v. | ) ) | Judge Jorge L. Alonso |
| Marcia Meis, Mariyana Spyropoulos, and Timothy Evans, | ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs contend that Defendants refused to turn over certain court records in violation of the First Amendment, the Illinois Constitution, and the common law right of access to court records. R. 1. Defendants move to dismiss. R. 19, R. 22. For the reasons stated below, Defendants' motions to dismiss are granted.

### Legal Standard

A Rule 12(b)(6) motion "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). A complaint must provide "a short and plain statement of the claim" and must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citations omitted). Facial plausibility exists when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In deciding a motion to dismiss, the Court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024).

**Background**

Plaintiff Coalition Opposing Government Secrecy ("COGS") is a non-profit whose mission is to "empower the public by helping them access publicly available information." R. 1 ¶ 1. Plaintiff Judiciocracy, LLC is a member organization of COGS that provides "news coverage of systemic issues affecting our judicial [system]." *Id.* ¶ 2. Defendant Marcia Meis is the Director of the Administrative Office of the Illinois Courts. *Id.* ¶ 3. Defendant Mariyana Spyropoulos is the Clerk of the Circuit Court of Cook County and, as alleged, reports to Meis. *Id.* ¶¶ 6, 9. Defendant Timothy Evans is the Chief Judge of the Court of Cook County. *Id.* ¶ 10.

In March 2025, Edward Weinhaus (acting on behalf of Judiciocracy) emailed Judge Evans's office and requested "a list of judges absences by day" and "who would cover another judges bench that day" for the time period between March 2023 and March 2024. R. 1-1 at 2. Judge Evans' office denied the request on the basis that "attendance records are kept confidential as part of an individual's personnel file and not available for public distribution." *Id.* at 12. In May 2025, Weinhaus emailed Spyropoulos's office requesting "a list of which judges were covering which calendars irregularly." *Id.* at 14. Spyropoulos's office responded by saying that "our office does not capture" that information. *Id.* at 16. Finally, in July 2025, Weinhaus sent another, similar request to Judge Evans's office. *Id.* at 18–21. Judge Evans denied the request and stated:

> While we may not be able to grant you bulk access to all of the instances you are requesting, we also remind you that if this information is of public record, you may be able to find the orders and records by visiting the courthouse and searching specific cases for particular orders. You may also qualify, as a member of the public, to access records (but not documents) for all cases through the Clerk's online portal, though you would need to search by individual cases.

*Id.* at 32. Following that denial, Plaintiff filed this lawsuit in August 2025. R. 1. Defendants now move to dismiss. R. 19, R. 22.

2

**Discussion**

To establish the "irreducible constitutional minimum" of standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). To establish injury in fact, a plaintiff must show that he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 339 (citations omitted).

Plaintiffs contend that they suffered an injury in fact because they were deprived of their First Amendment right to access court records. R. 23 at 5. As the Supreme Court has explained, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). And as the Seventh Circuit has explained "the First Amendment right of access extends to civil proceedings and associated records and documents." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018).

But as Judge Evans wrote to Weinhaus, Plaintiffs are free to visit the courthouse and search specific cases for particular orders, and Plaintiffs are also free to search for cases on the Clerk's online portal. Plaintiffs do not allege that they are barred from viewing the orders entered in any particular case pending in the Circuit Court, nor do they allege that any orders entered in any particular case fail to identify the Judge who entered the order. Critically, Plaintiffs already have access to court records and documents as required by the First Amendment.[1] As such, Plaintiffs have not alleged "an invasion of a legally protected interest."

---

[1] And co-extensively, under the Illinois Constitution and under common law. *See Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 231 (2000) (explaining that the common law right to review court files and the constitutional right to inspect court files provide a "parallel right of access to court records").

To the extent Plaintiffs contend that they should have access to a particular record—the "list of judges absences by day" and "who would cover another judges bench that day"—Spyropoulos's office explained that the "office does not capture" that information. In other words, the list does not exist. Plaintiffs' claim, in essence, is that Defendants violated their constitutional right to access a document that does not exist. Plaintiffs have no legally protected interest to access a document that does not exist.

## Conclusion

For the reasons stated above, Defendants' motions [19] [22] to dismiss are granted in part and denied in part. If Plaintiffs believe they can correct the deficiencies identified above, Plaintiffs shall file an amended complaint by 3/10/26. Failure to file an amended complaint by 3/10/26 may result in dismissal with prejudice.

**SO ORDERED.**                                                          **ENTERED: February 26, 2026**

**HON. JORGE L. ALONSO**
**United States District Judge**

4