**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Coalition Opposing Governmental Secrecy and Judiciocracy, LLC d/b/a AbusiveDiscretion, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:25-cv-10221 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| Marcia Meis, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Coalition Opposing Governmental Secrecy ("COGS") and Judiciocracy, LLC, publisher of AbusiveDiscretion (together, "Plaintiffs"), bring this lawsuit against Defendants Marcia Meis, Director of the Administrative Office of Illinois Courts ("Director Meis"); Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County ("Clerk Spyropoulos"), and Chief Judge Timothy C. Evans ("Judge Evans") of the Circuit Court of Cook County, individually and in their Official Capacities (together, "Defendants"), for breach of Plaintiffs' First Amendment right of access to the Illinois Unified Court System and the inspection of its public records and documents, specifically information related to which judges are assigned to hear specific cases. Before the Court is Clerk Spyropoulos' Motion to Dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6), [19], and Director Meis' and Judge Evans' Motion to Dismiss Plaintiffs' Claims Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), [22]. For the following reasons, the Court grants Defendants' Motions.

1

**BACKGROUND**

Unless otherwise noted, the following factual allegations are taken from Plaintiffs' Complaint, Dkt. 1, and are assumed true for purposes of resolving these Motions. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiffs are "in the midst of an ongoing investigation into abuses of power within the Circuit Court of Cook County related to one judge's undisclosed presiding over another's calendar." As part of this investigation, Plaintiffs made numerous inquiries, styled as Freedom of Information Act ("FOIA") requests to Defendants, seeking daily lists of Circuit Court Judges who filled in or covered for Judges who were absent. Specifically, on or about March 18, 2025, Plaintiffs requested the following information from Judge Evans: (1) a list of judge absences, by day, for the period of March 18, 2023 – March 17, 2024, and (2) a list of judges who covered for the absent judges during the same time period. On April 18, 2025, Judge Evans denied the request. Immediately thereafter, Plaintiffs sought clarification on the denial, requesting a conference call with Judge Evans to discuss how Plaintiffs may obtain this information they presumed was already in the public domain. Judge Evans denied the request for a meeting.

On May 21, 2025, Plaintiffs then requested information from Director Meis and Clerk Spyropoulos through the clerk's office, seeking a list of "judge covers" for the relevant time period. Defendants responded that they do not capture or track the requested data. After this denial, in July of 2025, Plaintiffs sent a second request to Judge Evans' office, seeking "judge cover" data for only the "domestic relations calendars" for the original dates requested and through July 3, 2025. Judge Evans denied Plaintiffs' "bulk record request," stating that the court was not subject to FOIA. He also stated that this information is of public record and could be found by "searching specific cases for particular orders." After this third denial, Plaintiffs brought the present action asserting that access to this information is guaranteed under the First Amendment and that Defendants' failure to provide

such information has caused damages, primarily, the loss of speech rights to comment on the actions of the court.

Defendants filed their present Motions, arguing the Court cannot maintain subject matter jurisdiction over the claims because Plaintiffs have not established standing to bring their claims and independently cannot maintain their claims on the merits.

**LEGAL STANDARD**

A motion to dismiss for lack of subject matter jurisdiction may be made pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to establish Article III standing. *See Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). When a defendant has facially attacked standing, the Court accepts all well-pled factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021). The plaintiff has the burden of establishing standing, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009), and if a plaintiff does not meet that burden, the federal court lacks subject matter jurisdiction and must dismiss the suit. *See Int'l Union of Operating Eng'rs, Local 139 v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020)

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

**DISCUSSION**

3

### I. Article III Standing

Since the question of whether a plaintiff has standing within the meaning of Article III of the Constitution is a threshold issue that must be addressed before turning to the merits, the Court begins with this analysis. *See Meyers v. Nicolet Rest. of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016).

To establish standing, a plaintiff must show that it has "(1) suffered an [actual or imminently threatened] injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The alleged injury-in-fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 578 U.S. at 339. A harm is particularized when it "affect[s] the plaintiff in a personal and individual way." *Defenders of Wildlife*, 504 U.S. at 559 n.1.

In her Motion, Clerk Spyropoulos argues both Plaintiffs lack standing to maintain their claims. Specifically, she argues, COGS lacks standing because it has alleged no involvement in the circumstances from which the claims arise—COGS did not make any of the FOIA requests at issue or contact the Circuit Clerk's Office in any manner, nor was it ever denied any information. (Dkt. 19 at*3.) Clerk Spyropoulos argues, because COGS has failed to show that it suffered any injury at all or that it is entitled to any relief, its claims should be dismissed. (*Id.*) As to Judiciocracy, Clerk Spyropoulos argues, although it issued the inquiries at the center of this action, Judiciocracy still fails to identify a concrete or particularized injury necessary to establish standing. (*Id.*) Clerk Spyropoulos argues that Judiciocracy's "generalized grievance" about lack of access to court documents, merely constitutes a complaint "to have the government follow the law," which, absent a specific injury, cannot establish standing. (*Id.*) (citing *Bost v. Ill. State Bd. of Elections*, 114 F.4th 634, 640 (7th Cir.2024). Next, Clerk Spyropoulos argues that Plaintiffs face a redressability problem since they have access to the information they seek; Plaintiffs do not allege that they are barred from viewing the orders entered

in any particular case, nor do they allege that any orders entered in any particular case fail to identify the Judge who entered the order. (Dkt. 19 at *4.) Finally, Clerk Spyropoulos emphasizes that the data Plaintiffs are seeking, a list of covering judges, is not captured or compiled by her office. (*Id.*) She concludes, because the information Plaintiffs seek is available to the public through a review of individual records and because a daily list of "judge covers" does not exist, Plaintiffs' claim should be dismissed for lack of standing. (*Id.*)

In their Motion, Director Meis and Judge Evans similarly emphasize that the Court need not apply the "experience and logic test" set forth in *Press–Enterprise Co. v. Superior Court,* because Plaintiffs have not adequately alleged that they have been restricted from accessing any information. *See* (Dkt. 22 at *3.) While Plaintiffs may not be able to obtain the information they seek in the list format they prefer, Defendants assert that Plaintiffs do not and cannot dispute that it is easy to determine which judge is sitting on each calendar by looking at the orders entered that day. (*Id.*) Plaintiffs have failed, they argue, to prove that they have any right to access this information in the particular format they seek. (*Id.* at *3-4). Defendants also argue that Plaintiffs' state-based claims fail for similar reasons since First Amendment right of access to court records is "parallel" to the Illinois's common law right to access. (*Id.*) (citing *Skolnick v. Altheimer & Gray*, 191 4 Ill. 2d 214, 231-32 (2000)). Defendants conclude, because Plaintiffs have access to the very data they seek, they have no concrete injury to maintain their claims under federal or state law.

Plaintiffs respond that they have established standing to maintain their claims. As to the concreteness of their injuries, Plaintiffs argue that violations of their constitutionally protected First Amendment rights constitute injuries in and of themselves. (Dkt. 23 at *5) (citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (recognizing that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitute irreparable injury.")). Plaintiffs argue their injury is further proved by their assertion that Plaintiffs are "in the midst of an ongoing investigation into abuses of

5

power within the Circuit Court of Cook County related to one judge's undisclosed presiding over another's calendar." (Dkt, 23 at *5) (citing Compl. at ¶ 50.) Plaintiffs next argue that Defendants' conduct is directly responsible for Plaintiffs' injuries as they are responsible for the court's record keeping system and "failing to adduce the requested public information." (Dkt. 23 at *6.) Finally, Plaintiffs argue the Court can provide redress to Plaintiffs through its authority under the Declaratory Judgement Act, 28 U.S.C. § 2201, and through Plaintiffs' request for compensatory relief. (*Id.*)

Ultimately, the Court determines Plaintiffs have not established standing to maintain their suit. First, Plaintiffs have not proven any concrete injury attributable to Defendants. As an initial matter, Defendants are not subject to FOIA. *See United States v. Terry*, 500 Fed. Appx. 519, 519 n. 1 (7th Cir. 2013) (state and local agencies "are not subject to the FOIA; the FOIA applies only to agencies and instrumentalities of the executive branch of the federal Government."). Even if they were subject to FOIA, it only obligates agencies to provide access to those documents which it has in fact created and retained. *See Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 152 (1980)(finding an agency's possession or control of a record is a "prerequisite to triggering any duties under the FOIA," and that FOIA "does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."). Plaintiffs' own pleadings establish that the information they seek does not exist in the format they request. There is no daily list of judges who cover the court call of absent judges. Defendants cannot provide access to documents that do not exist.

Second, and critical to the Court's determination that Plaintiffs cannot prove an injury-in-fact, Plaintiffs cannot prove that Defendants' refusal to provide the requested list violates Plaintiffs' First Amendment rights or any state law. The right to court documents and filings is not absolute—it is qualified. " *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018). In determining whether the public has a right to access particular court documents, courts apply the two-part "experience and

logic test" set forth in *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986). It asks whether a proposed right reflects a well-developed tradition of access to a specific process and whether the right "plays a significant positive role in the functioning of the particular process in question." *Id.* at 8. If so, a rebuttable presumption of access applies. *Id.* The Court need not engage in this analysis, however, because there is no allegation Defendants denied Plaintiffs' access to court orders entered daily or that the information Plaintiffs seek is not otherwise readily available in the public record. Plaintiffs, along with all members of the public, can identify "judge covers" by reviewing the record of any case on any date. While Plaintiffs would like Defendants to provide this information in a tailored list, Plaintiffs' "mere desire for information" in the specific form they desire "is not cognizable without a corresponding injury-in-fact." *See Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs of the City of Milwaukee*, 708 F.3d 921, 928 (7th Cir.2013) (holding the fact that a party may "benefit" from certain knowledge does not constitute an "injury-in-fact."). To the extent Plaintiffs need this information for their "ongoing investigation," unlike the Plaintiffs in *Milwaukee Police Ass'n v. Bd. of Fire*, Plaintiffs have access to such information through the public record and have failed to identify any right or entitlement to access such information in the format they seek.

Finally, Plaintiffs' redressability issues independently extinguish their claims. Plaintiffs argue they have satisfied the redressability element to assert Article III standing merely because they seek declaratory relief and damages. Again, it is uncontested that the information Plaintiffs seek, in the format they seek it, does not exist. As the Court has already established, FOIA "does not obligate agencies to create or retain documents." *Kissinger*, 445 U.S at 152. Thus, even if the Defendants were subject to FOIA, the Court cannot obligate Defendants to begin creating a list of "judge covers" in the format Plaintiffs seek. As to Plaintiffs' request for monetary damages, Plaintiffs cannot recover from Defendants for First Amendment violations since individuals sued in their official capacities are not "persons" under § 1983, making recovery against them, prohibited. *See Will v. Mich. Dep't of State*

7

*Police*, 491 U.S. 58, 89 (1989). Finally, to the extent Plaintiffs seek to recover from Defendants in their individual capacities, they have not alleged that any of the Defendants were personally involved in a deprivation of their rights, most fundamentally, because they have not proven an underlying right to access the information they seek, in a specific format, through federal or state law.

Accordingly, since Plaintiffs have not sufficiently established Article III standing to maintain their claims, the Court dismisses their action for lack of subject matter jurisdiction. The Court declines to rule on the merits of Defendants' 12(b)(6) arguments. Such determinations are not properly before the Court in light of its finding that it does not have subject matter jurisdiction over the action.

**CONCLUSION**

For the foregoing reasons, the Court dismisses Plaintiffs' claims for lack of standing and declines to rule on the merits of those claims. Accordingly, and because a court that lacks subject matter jurisdiction cannot dismiss a case with prejudice, *See Flynn v. FCA US LLC*, 39 F.4th 946, 95(7th Cir. 2022), the Court dismisses Plaintiffs' claims without prejudice.

**IT IS SO ORDERED.**

Date: 4/28/2026

Entered: _____
　　　　　　SHARON JOHNSON COLEMAN
　　　　　　United States District Judge

8